Scott D. Swanson (ISB #8156)
Shaver and Swanson, LLP
910 Main Street, Suite 320
P.O. Box 877
Boise, ID 83702
Phone: (208) 345-1122
Fax: (888) 388-6035
Email: swanson@shaverswanson.com

Attorney for the Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| OMEGA RV, LLC<br><br>       Plaintiff,<br>v.<br><br>THE RV FACTORY, LLC,<br>a limited liability company; and<br>CLAUDE DONATI, an individual;<br><br>       Defendants. | Civil Action No.1:16-cv-204-EJL<br><br><br><br>FIRST AMENDED COMPLAINT<br>AND DEMAND FOR JURY TRIAL |

## PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, TRADEMARK INFRINGEMENT, AND TORTIOUS INTERFERENCE WITH CONTRACT

Plaintiff OMEGA RV, LLC ("Omega", or "Plaintiff") files this complaint for declaratory judgment, trademark infringement and unfair competition, and tortious interferences with contract against Defendants THE RV FACTORY, LLC ("RV Factory") and Claude Donati ("Donati") (collectively "Defendants").

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL -Page 1

## NATURE OF THE ACTION

1. Omega seeks declaratory judgment of non-infringement of alleged trademark rights asserted against Omega by Defendants. Omega further seeks declaratory judgment that any alleged trademark rights by Defendants are invalid and unenforceable. Omega further seeks this Court order the cancellation of U.S. Trademark Application Serial No. 85/905,871 purportedly belonging to Donati and the Federal trademark registration that, upon information and belief, is to be issued by the United States Trademark Office based on Defendants' representations that a notice of allowance has been issued regarding the above stated application.

2. Omega further seeks damages and an injunction for, *inter alia*, trademark infringement and unfair competition of Plaintiff's WEEKEND WARRIOR mark for Defendants' use of the WEEKEND WARRIOR mark as well as damages for Defendants' tortious interference with Plaintiff's relationships with its dealers.

## THE PARTIES

3. Omega is a limited liability company organized and existing under the laws of the State of Idaho with its principal place of business located in Boise, Idaho.

4. Upon information and belief, RV Factory is a limited liability company organized under the law of the State of Indiana and is registered to do business in the State of Indiana with its principal place of business represented to be 1060 East Waterford St., Wakarusa, Indiana 46573.

5. Upon information and belief, Donati is the owner of RV Factory and has the address of 14311 Southold Drive, Granger, IN 46530.

## JURISDICTION AND VENUE

6. This is an action for declaratory judgment arising under (i) the Trademark Laws of the United States, 15 USC § 1051 *et seq.* (the "Trademark Act"); (ii) 15 U.S.C. §1125, *et seq*. (the "Lanham Act"); and (iii) 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 and supplemental jurisdiction over the remaining state law claims.

7. Upon information and belief, Defendants RV Factory and Donati are subject to personal jurisdiction of this Court because upon information and belief Defendants transact business in the State of Idaho pursuant to I.C. § 5-514(a) by, *inter alia*, maintaining and advertising on Defendants' website for a "Certified Factory Service Center" in Idaho at which it "provides service for [its] iconic brand names . . . Weekend Warrior Toyhauler trailer and 5th wheel RV campers" and through sale of its products through the Internet to Idaho residents. In addition, Defendants' false assertions of infringement of the alleged trademark were directed to Omega in the State of Idaho. Thus, this Court has personal jurisdiction over Defendants.

8. Venue is proper in this Court under 28 USC 1391(b)(1) and (2) because Defendants maintain a "Certified Factory Service Center" in Idaho at which it "provides service for [its] iconic brand names . . . Weekend Warrior Toyhauler trailer and 5th wheel RV campers," and substantial part of the alleged acts amounting to the alleged trademark infringement by Omega have occurred in Idaho, the location of Omega's headquarters and manufacturing facility.

**FACTUAL BACKGROUND**

9. Omega incorporates and re-alleges the matters of paragraphs 1-8 above.

10. Based on priority of use assigned to it from Extreme Warrior, LLC, Omega has constructed, marketed, and sold its line of WEEKEND WARRIOR trailers in interstate

commerce under the WEEKEND WARRIOR trademark in this country since at least as early as 2011.

11.     Based on priority of use assigned to it from Mark Warmoth, Omega has constructed, marketed, and sold its line of WEEKEND WARRIOR trailers in interstate commerce under the WEEKEND WARRIOR trademark in this country since at least as early as 1988.

12.     Omega's member Mark Warmoth has constructed and marketed its line of WEEKEND WARRIOR trailers in interstate commerce since at least 1988.

13.     Mr. Warmoth has assigned his rights, including the right to sue for prior damages, in the WEEKEND WARRIOR trademark to Omega for use on its line of WEEKEND WARRIOR trailers.

14.     Mr. Warmoth's rights in the WEEKEND WARRIOR trademark are superior to the rights claimed by Defendants in their alleged WEEKEND WARRIOR mark.

15.     Mr. Warmoth's priority of rights in the WEEKEND WARRIOR trademark precede any alleged use by Defendants of the WEEKEND WARRIOR mark.

16.     Mr. Warmoth developed the WEEKEND WARRIOR mark into a trademark that has continued goodwill, substantial fame and nationwide recognition through Mr. Warmoth's sales of trailers and through Extreme Warrior, LLC's use of the WEEKEND WARRIOR mark via license from Mr. Warmoth.

17.     Omega, through acquisition of Mr. Warmoth's trademark rights and the rights of Extreme Warrior, LLC, has rights superior to any alleged right(s) of Defendants in the WEEKEND WARRIOR mark.

18. Upon information and belief, Defendants' use of the WEEKEND WARRIOR mark has been with the specific intent and purpose to profit from the goodwill of the WEEKEND WARRIOR mark attributable to Mr. Warmoth's actions and/or the actions of Extreme Warrior, LLC.

19. Upon information and belief, Defendants' use of the WEEKEND WARRIOR mark commenced in 2013 after Omega's priority date of use of WEEKEND WARRIOR after both Mr. Warmoth began using the WEEKEND WARRIOR mark and Extreme Warrior, LLC utilized the mark WEEKEND WARRIOR.

20. Upon information and belief, Defendants' use of the WEEKEND WARRIOR mark was a result of Defendants' representatives meeting with Mr. Warmoth and Don Day, a representative of Omega, in 2012 or 2013 at which time Mr. Warmoth and Mr. Day, as representatives of Extreme Warrior, LLC, were in search of funding to finance further development of the WEEKEND WARRIOR mark in association with the Extreme Warrior, LLC company.

21. Upon information and belief, Defendants rejected Mr. Warmoth's and Mr. Day's funding requests and began production and marketing of the WEEKEND WARRIOR marks independently of the true owner of the WEEKEND WARRIOR mark and with the specific intent and purpose to profit from the goodwill of the WEEKEND WARRIOR mark attributable to Mr. Warmoth and Extreme Warrior, LLC.

22. Omega has not abandoned its use of the WEEKEND WARRIOR mark.

23. Mr. Warmoth had not abandoned his use of the WEEKEND WARRIOR mark prior to assigning his rights in the mark to Omega.

24. Omega's rights in the trademark for WEEKEND WARRIOR pre date any alleged right(s) of Defendants' in the mark WEEKEND WARRIOR.

25. Defendants' use of the WEEKEND WARRIOR mark is likely to cause confusion with Omega's use of the WEEKEND WARRIOR mark.

26. Upon information and belief, Defendants have contacted Plaintiff's dealers threatening litigation with the dealers if the dealers sell Plaintiff Omega's trailers bearing the WEEKEND WARRIOR mark, as shown by an Email from Defendants and attached as Exhibit B.

27. Upon information and belief, Defendants' actions have caused at least one dealer to cease sales of Plaintiff's trailers bearing the WEEKEND WARRIOR mark and/or to refuse to accept trailers from Plaintiff bearing the WEEKEND WARRIOR mark for subsequent sale.

28. Omega is entitled to a Declaration and Judgment that Omega's rights in the trademark for WEEKEND WARRIOR are prior to any alleged right(s) of Defendants and thus Defendants' trademark is not registerable pursuant to 15 U.S.C. § 1052(d) and should be ordered cancelled from the Federal trademark registry.

### DEFENDANTS' ACTS COMPRISING ACTUAL CONTROVERSY

29. Omega incorporates and re-alleges the matters of paragraphs 1–28 above.

30. On May 4, 2016, Defendants sent Omega a letter via email and Federal Express accusing Omega of trademark infringement in connection with Omega's use of WEEKEND WARRIOR and weekendwarriorrv.com.  A copy of this letter is attached as Exhibit A. Defendants' letter of May 4, 2016 also expressly asserted that Omega's actions "also violate federal and state unfair competition laws, and may subject [Omega] to treble damages, attorneys' fees, and an injunction."  Defendants further demanded the following actions:  that Omega

"[c]ease and desist using any and all marks or names containing WEEKEND WARRIOR or marks confusingly similar thereto;" that Omega "[w]ithdraw from the market all materials, advertisements, and publicity containing WEEKEND WARRIOR;" that "[w]ithin fifteen (15) calendar days of the date of this letter, [Omega] deliver to Mr. Donati all brochures and print advertisements containing WEEKEND WARRIOR, or confirm their destruction in writing;" that Omega "[d]isclose within fifteen (15 calendar days from the date of this letter the gross revenues generated from the sale of goods promoted using WEEKEND WARRIOR;" and that Omega "[a]gree to transfer to Mr. Donati the domain name weekendwarriorrv.com."

31. There presently exists a justiciable controversy regarding Omega's right to use the WEEKEND WARRIOR mark free of any allegation by Defendants that such conduct constitutes an infringement of any trademark rights allegedly owned by Defendants.

### FIRST CLAIM FOR RELIEF
(Unenforceability of Trademark)

32. Omega incorporates and re-alleges the matters of paragraphs 1–31 above.

33. This is a declaratory judgment request for relief under the Trademark Laws of the United States, 15 USC § 1051 et seq. (the "Trademark Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act). As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist use of the Omega's trademarks and demand for destruction of materials bearing the Omega's mark, Omega seeks relief from this Court that the Court adjudicate Omega's rights as having priority to any of Defendants' alleged rights, that the Court accordingly declare that Defendants' alleged trademark right(s) lack the requisite legal requirements to be protectable on the Principal Register and to be enforceable, and the Court provide further relief by cancelling any registration that issues from Defendants' Federal trademark application having serial no. 85/905,871.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL -Page 7

## SECOND CLAIM FOR RELIEF
### (Non-Infringement of Trademarks)

34. Omega incorporates and re-alleges the matters of paragraphs 1–33 above.

35. This is a declaratory judgment action under the Trademark Laws of the United States, 15 USC § 1051 et seq., the Lanham Act, 15 U.S.C. §1125, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. As an actual justiciable controversy exists by way of the credible threat of immediate litigation and demand to cease and desist use of the Omega's trademarks demand for destruction of materials bearing the Omega's mark, Omega seeks relief from this Court.

## THIRD CLAIM FOR RELIEF
### (Trademark Infringement, Unfair Competition, and False Designation of Origin in Violation of the Lanham Act Against All Defendants)

36. Omega incorporates and re-alleges the matters of paragraphs 1–35 above.

37. Defendants have utilized the mark WEEKEND WARRIOR in interstate commerce in association with the marketing, sales, and manufacturing of, *inter alia*, travel trailers.

38. Defendants' actions constitute unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. Plaintiff Omega, through the actions of predecessor companies and individuals to Omega, began using the trademark WEEKEND WARRIOR as a word mark and in conjunction with a design, at least as early as 1988 through priority dating to Mark Warmoth and at least as early as 2011 through priority dating to Extreme Warrior, LLC.

40. Defendants were aware of Plaintiff's use of the mark WEEKEND WARRIOR through predecessor companies, WEEKEND WARRIOR, and related use of the mark

WEEKEND WARRIOR when Defendants adopted their purported WEEKEND WARRIOR mark.

41.     Defendants use of the WEEKEND WARRIOR mark or designation including Defendants' use of the mark in Defendants' domain weekendwarriortoyhauler.com and associated sales and advertising of goods bearing the WEEKEND WARRIOR mark both independent of and in conjunction with a design element is likely to cause confusion as to the origin of Defendants' goods and services, either independently or in combination, and is likely to cause others to believe that there is a relationship between Defendants and Omega.

42.     Defendants' use of the WEEKEND WARRIOR mark or designation separately or in conjunction with design constitutes false designation of origin or a false representation and wrongfully and falsely designates Defendants' products and/or services as originating from or connected with Plaintiff Omega.

43.     Defendants' wrongful acts have permitted and will permit Defendants to wrongfully attract business and to make sales based upon the strength of Plaintiff's reputation and the substantial goodwill that Plaintiff has build up in its WEEKEND WARRIOR trademark and WEEKEND WARRIOR trademark use in conjunction with a design element.

44.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Omega has been and will be deprived of the value of its WEEKEND WARRIOR trademark as an asset.

45.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Omega has been damaged in an amount that is currently unknown and will be proved through discovery and at trial.

## FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement against all Defendants)

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL -Page 9

46. Omega incorporates and re-alleges the matters of paragraphs 1–45 above.

47. Plaintiff Omega, has utilized trademark WEEKEND WARRIOR both independently and in conjunction with a design in interstate commerce well prior to Defendants' first use of the mark WEEKEND WARRIOR independently and in conjunction with a design, as a result, Plaintiff Omega has prior common law rights in the mark.

48. Defendants' acts described above constitute infringement of Plaintiff Omega's common law rights in its WEEKEND WARRIOR trademark.

49. Defendants' use of the WEEKEND WARRIOR mark or designation separately or in conjunction with the design constitutes false designation of origin or a false representation and wrongfully and falsely designates Defendants' products and/or services as originating from or connecting with Plaintiff Omega.

50. Defendants' wrongful acts have permitted and will permit Defendants to wrongfully attract business and to make sales based upon the strength of Plaintiff's reputation and the substantial goodwill that Plaintiff has build up in its WEEKEND WARRIOR trademark and WEEKEND WARRIOR trademark use in conjunction with a design element.

51. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Omega has been and will be deprived of the value of its WEEKEND WARRIOR trademark as an asset.

52. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Omega has been damaged in an amount that is currently unknown and will be proved through discovery and at trial.

**FIFTH CLAIM FOR RELIEF**
**(Unfair Competition under Idaho Code § 48-603(2)**

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL -Page 10

53. Omega incorporates and re-alleges the matters of paragraphs 1–52 above.

54. Defendants' use of the mark WEEKEND WARRIOR and WEEKEND WARRIOR in conjunction with a design is causing a likelihood of confusion or of misunderstanding as to the source as to the goods and/or services provided by Plaintiff.

55. Defendants knew or should have known that Defendants' use of the name WEEKEND WARRIOR would generate a likelihood of confusion or of misunderstanding as to the source as to the goods and/or services provided by Plaintiff when Defendants adopted the mark WEEKEND WARRIOR and their WEEKEND WARRIOR plus design mark.

56. Defendants' use of the WEEKEND WARRIOR mark or designation separately or in conjunction with the design constitutes false designation of origin or a false representation and wrongfully and falsely designates Defendants' products and/or services as originating from or connected with Plaintiff Omega.

57. Defendants' wrongful acts have permitted and will permit Defendants to wrongfully attract business and to make sales based upon the strength of Plaintiff's reputation and the substantial goodwill that Plaintiff has build up in its WEEKEND WARRIOR trademark and WEEKEND WARRIOR trademark use in conjunction with a design element.

58. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Omega has been and will be deprived of the value of its WEEKEND WARRIOR trademark as an asset.

59. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Omega has been damaged in an amount that is currently unknown and will be proved through discovery and at trial.

### SIXTH CLAIM FOR RELIEF
**(Tortious Interference with Prospective Economic Advantage against all Defendants)**

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL -Page 11

60. Omega incorporates and re-alleges the matters of paragraphs 1–59 above.

61. Omega has ongoing business relationships with dealers who sell Omega trailers including Omega trailers marked with the WEEKEND WARRIOR mark.

62. Upon information and belief, Defendants have contacted at least one dealer demanding that the dealer(s) not sell any of Plaintiff's trailers bearing the WEEKEND WARRIOR mark or the dealers would face liability for infringing Defendants' alleged trademark.

63. Upon information and belief, Defendants knew of Plaintiff's relationship with the dealer(s) when Defendants contacted said dealers to demand that said dealers not sell Plaintiff's trailers labeled with the WEEKEND WARRIOR trademark.

64. Upon information and belief, at least one dealer has refused to sell and/or stopped selling trailers bearing Plaintiff's WEEKEND WARRIOR mark in response to Defendants' actions.

65. Plaintiff has been damaged as a proximate result of the Defendants' interference in an amount that is currently unknown and will be proved through discovery and at trial.

## REQUEST FOR RELIEF

WHEREFORE, Omega seeks judgment awarding it the following relief:

(a) An order declaring that Defendants' alleged trademark for WEEKEND WARRIOR lacks the requisite legal requirements to be protectable on the Principal Register and to be enforceable;

(b)  An order declaring that Omega has not infringed any valid, distinctive and enforceable trademark right owned by Defendants relating to the sale of recreational vehicles;

(c)  An order directing the U.S. Patent and Trademark Office to cancel any trademark registration issuing from U.S. Trademark Application No. 85/905,871;

(d)  An order awarding damages and Defendants' profits due to Defendants' misappropriation of Plaintiff's mark to Plaintiff Omega;

(e)  An order awarding damages to Omega for Defendants' tortious interference with Plaintiff's dealer relationships.

(f)  An order enjoining Defendants' further use of the mark WEEKEND WARRIOR separate from or in conjunction with design in instances creating a likelihood of confusion with Plaintiff's WEEKEND WARRIOR mark;

(e)  An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Omega; and

(e)  An order awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Omega hereby demands a trial by jury of all issues so triable.

Dated: July 22, 2016	Respectfully submitted,

         SHAVER & SWANSON LLP


         By ___/Scott D. Swanson/_____
          Scott D. Swanson
          Attorney for Plaintiff